IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| AMERISURE INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: 2:06-CV-1097-MHT |
| ) | |
| LOWDER CONSTRUCTION ) | |
| COMPANY, INC. and COLONIAL ) | |
| REALTY LIMITED PARTNERSHIP, ) | |
| d/b/a COLONIAL PROPERTIES ) | |
| REALTY LIMITED PARTNERSHIP, ) | |
| ) | |
| Defendants. ) | |

## ANSWER AND COUNTERCLAIM OF LOWDER CONSTRUCTION COMPANY, INC.

COMES NOW the defendant, Lowder Construction Company, Inc., and for answer, and by way of counterclaim, sets forth as follows:

### FIRST DEFENSE

(Admissions and Denials)

1. It has insufficient information to admit or deny the allegations of Paragraph 1 of the Complaint as the same relate to the state of incorporation and principal place of business of the Plaintiff. It therefore demands strict proof thereof and reserves all jurisdictional defenses regarding the allegations of this paragraph.

2. It admits the allegations of Paragraph 2 of the Complaint.

3. It admits the allegations of Paragraph 3 of the Complaint.

4. It reserves its defenses as to jurisdiction for the reasons set out in Paragraph 1 herein.

5. Paragraph 5 of the Complaint calls upon this Defendant to respond to a legal conclusion concerning the party "issuing" the policy of Insurance. It admits that Colonial Insurance Agency acted as agent for Lowder with respect to the policy of insurance issued by Amerisure which is the subject of this litigation.

6. It admits that on or about December 23, 1996 Lowder entered into a contract with Charlan, Brock & Associates, Inc. ("Charlan") wherein Charlan would provide certain services with respect to a 250-unit complex which ultimately became known as Cypress Crossing, located in Orlando, Florida. Otherwise denied.

7. It admits that on or about the 9th day of July, 1997 Lowder entered a contract with Colonial Property Realty Limited Partnership, Inc. ("Colonial") wherein Lowder contracted to act as Construction Manager for the construction of the Project which ultimately became known as Cypress Crossing.

8. It admits that on or about the 15th day of January, 1998, Lowder entered a contract with Charlan wherein Charlan would provide certain services, with respect to a 448-unit apartment complex known as Colonial Village at Hunters Creek in Orlando, Florida.

9. It admits that on or about the 11th day of June, 1998 Lowder entered into an agreement with Colonial to act as Construction Manager on a Project known as Colonial Village at Hunters Creek which ultimately known as Heather Glen.

10. It admits the allegations of Paragraph 10 on information and belief.

11. It admits that on or about the 14th day of June, 1999 it entered a contract with Colonial to act as Construction Manager on a Project known as Colonial Grand at Liberty Park.

12. Denied. Acceptance letters and certificates of occupancy were issued with respect to certain buildings in Heather Glen and Liberty Park in 2000.

13. It has insufficient information to admit or deny the date of discovery of the alleged water intrusion, thus demands strict proof thereof.

14. It admits that it received notice that Colonial claimed to have located window leaks at Cypress Crossing and Heather Glen. It otherwise denies the allegations of Paragraph 14 and demands strict proof thereof.

15. It admits the allegations of Paragraph 15 of the Complaint.

16. It admits that it was insured by Amerisure Policy GL1322355 beginning on September 30, 2002 with a policy period ending September 30, 2003. It demands strict proof that Exhibit 1 is a true and correct copy of the entire policy of insurance which was made the subject of the dispute between the parties.

17.-22. It admits that Paragraphs 17 through 22 contain certain portions of the policy of insurance made subject of the dispute between the parties. It otherwise denies that all applicable portions of the policy, relevant to the issues between the parties are set out therein.

## SECOND DEFENSE

The attempts of the Plaintiff to reserve its rights under the policy of insurance have been wholly ineffective and have no legal import as a matter of law.

## THIRD DEFENSE

Plaintiff Amerisure has waived its right to deny coverage to Lowder under the subject insurance policy and under any other insurance policy issued by Amerisure to Lowder that may be determined to be relevant to the issues raised herein.

## FOURTH DEFENSE

Lowder is entitled to a defense and indemnity in the civil action made subject of Amerisure's Complaint, in accordance with the terms and provisions of the policy of insurance issued by Amerisure to Lowder.

## **COUNTERCLAIM**

By way of further Answer and Counterclaim, Lowder sets forth as follows:

## FIRST CAUSE OF ACTION

1. It incorporates herein by reference as if set out in full its Answer to the Complaint of Amerisure.

2. Under the terms and provisions of policy GL1322355 issued by Amerisure, and such other policies of insurance issued by Amerisure for policy periods that may be determined to be relevant herein, Lowder is entitled to indemnify and coverage, in accordance with applicable provisions, in that certain civil action pending in Orange County, Florida Circuit Court as referred to in Paragraph 15 of Amerisure's Complaint for Declaratory Judgment.

3. The efforts of Amerisure to reserve rights under the policy of insurance have been wholly void and legally ineffective.

WHEREFORE, your Counterclaimant requests this Court enter its order declaring that Amerisure is obligated to defend and indemnity Lowder in accordance with the provisions of policy GL1322355 in the civil action referred to in Paragraph 15 of Plaintiff's Complaint for Declaratory Judgment. By way of further relief, Lowder requests that it be awarded its attorneys fees, and costs in the defense of this matter, and as expended in connection with its efforts to defend its interests in the action

4

pending in Orange County, Florida as set out in Paragraph 15 of the Complaint for Declaratory Judgment.

BALL, BALL, MATTHEWS & NOVAK, P.A.

/s/ Tabor R. Novak, Jr. – NOV001

/s/ Jack Owen        – OWE009
Attorneys for the Defendant Counterclaimant
Lowder Construction Company, Inc.

OF COUNSEL:

BALL, BALL, MATTHEWS & NOVAK, P.A.
2000 Interstate Park Drive
Suite 204
Post Office Box 2148
Montgomery, Alabama 36102-2148
(334) 387-7680
(334) 387-3222 (Fax)
Email: TNOVAK@BALL-BALL.COM
       CCOWEN@BALL-BALL.COM

---

## CERTIFICATE OF SERVICE

I hereby certify that on this ____ day of January, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Kile T. Turner, Esq.
Norman, Wood, Kendrick & Turner
505 20th Street North, Suite 1600
Birmingham, Alabama 35203

Colonial Realty Limited Partnership
Attention: Ed Wright
2101 6th Avenue North, Suite 750
Birmingham, Alabama 35203

/s/ Tabor R. Novak, Jr.
OF COUNSEL