IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| AMERISURE INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: |
| | ) | CV-06-1097-MHT |
| | ) | |
| LOWDER CONSTRUCTION | ) | |
| COMPANY, INC. and COLONIAL | ) | |
| REALTY LIMITED PARTNERSHIP, | ) | |
| d/b/a COLONIAL PROPERTIES REALTY | ) | |
| LIMITED PARTNERSHIP, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT OF PARTIES' PLANNING MEETING**

  1. Pursuant to Federal Rule of Civil Procedure 26(f), a meeting was held on January 31, 2007, at Birmingham, Alabama, and was attended by:

  Kile T. Turner for plaintiff Amerisure Insurance Company;

  Jack Owen for defendant Lowder Construction Company, Inc.; and

  Clark R. Hammond and William D. Jones III for defendant Colonial Realty Limited Partnership d/b/a Colonial Properties Realty Limited Partnership.

  **2.** **Pre-discovery Disclosures.** The parties will exchange the information required by Federal Rule of Civil Procedure 26(a)(1) by April 2, 2007.

  **3.** **Discovery Plan.** The parties jointly propose to the court the following discovery plan:

  Discovery will be needed relating to the insurance agreements between plaintiff and defendant Lowder Construction Company, all defenses to coverage raised in the Complaint, and any defenses the defendants may have. Defendants will seek both internal and external documents from the plaintiff regarding other similar claims made by an insured or alleged insured against plaintiff, or an affiliate of plaintiff, in which the plaintiff granted or denied coverage on the same grounds it is asserting in this action. Defendants will also seek discovery of all publications, seminars, presentations, conferences and meetings at which any employee, officer, agent or director of plaintiff took any position which respect to the interpretation or meaning of any exclusion or provision of the insurance contract upon which plaintiff is relying to

deny coverage in this case. Defendants will further seek all internal guidelines, manuals, memoranda, etc. prepared or used by plaintiff that discuss or address the interpretation or meaning of any of the provisions upon which the plaintiff is seeking to deny coverage in this action. Furthermore, defendants will seek documents from any lawsuit involving similar claims which set forth the plaintiff's position with respect to the interpretation of the contract terms being relied on by the plaintiff to deny coverage in this case. Each party reserves its right to raise proper and valid objections to discovery requests.

Discovery of electronically stored information will be handled by production of such information in hard copy form unless otherwise agreed between the parties.

The parties will agree to the entry of an order regarding claims of privilege or of protection with respect to the inadvertent production of any privileged material which will allow the producing party to claw back such document and will further require that such party produce a privilege log as to any such document.

All discovery shall be commenced in time to be completed by **November 2, 2007**.

A maximum of fifty (50) Interrogatories/Requests for Production by each party to any other party. Responses due thirty (30) days after service.

A maximum of fifty (50) Requests for Admissions by each party to any other party. Responses due thirty (30) days after service.

A maximum of ten (10) depositions by plaintiffs and ten (10) depositions by each defendant.

Each deposition is limited to eight (8) hours unless extended by agreement of the parties.

Reports from retained experts under Rule 26(a)(2) due:

    From plaintiffs by **August 3, 2007**;

    From defendants by **October 1, 2007**.

**4.** **Other Items.** The parties do not request a conference with the court before entry of the Scheduling Order.

The parties request a pre-trial conference in **February, 2008**.

The plaintiffs should be allowed until **March 30, 2007** to join additional parties and amend the pleadings.

Defendants should be allowed until **April 30, 2007** to join additional parties and amend the pleadings.

All potentially dispositive motions should be filed by **January 15, 2008**.

Settlement cannot be evaluated at this time.

Final lists of witnesses and exhibits under Rule 26(a)(3) should be due from plaintiffs by **February 20, 2008** and from defendants by **February 20, 2008**.

Parties should have 15 days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

This case should be ready for trial by **March 31, 2008**, and at this time is expected to take approximately three (3) days.

Respectfully submitted,

s/ Kile T. Turner
Kile T. Turner
Bar Number:  ASB-8182-U83K
Attorney for Plaintiff
Norman, Wood, Kendrick & Turner
Financial Center – Suite 1600
505 20th Street North
Birmingham, Alabama  35203
Phone: (205) 328-6643
Fax:  (205) 251-5479
Direct Dial:  (205) 259-1033
Email:  kturner@nwkt.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 1st day of February, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following participants: crh@jbpp.com, wjones@jbpp.com, tnovak@ball-ball.com, ccowen@ball-ball.com.

s/ Kile T. Turner
Norman, Wood, Kendrick & Turner
Financial Center – Suite 1600
505 20th Street North
Birmingham, AL  35203
Phone:  (205) 328-6643
Fax:  (205) 251-5479
Direct Dial:  (205) 259-1033
Email:  kturner@nwkt.com