IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| AMERISURE INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: 2:06-CV-1097-MHT |
| ) | |
| LOWDER CONSTRUCTION ) | |
| COMPANY, INC. and COLONIAL ) | |
| REALTY LIMITED PARTNERSHIP, ) | |
| d/b/a COLONIAL PROPERTIES ) | |
| REALTY LIMITED PARTNERSHIP, ) | |
| ) | |
| Defendants. ) | |

**MOTION TO STAY DEADLINE FOR DISCLOSURE
OF LOWDER'S EXPERT WITNESSES**

COMES NOW the defendant, Lowder Construction Company, Inc., and respectfully moves this Court stay its deadline for the disclosure of expert witnesses in accordance with the Scheduling Order entered herein, and for grounds would show unto the Court as follows:

1.  This is an action for Declaratory Judgment.

2.  The issues before the Court are purely legal in that they involve the construction of a policy of insurance which the plaintiff claims and contends in its complaint is unambiguous.

3.  The issues before the Court further include a declaration of the legal effect of certain "reservation of rights letters" sent by Amerisure to Lowder Construction Company, Inc.

4.      The plaintiff has identified an expert witness who is a lawyer. The testimony proffered through that expert witness is an offer of purely legal opinions as to the meaning of certain terms and provisions of a policy of insurance, the obligations of Amerisure under the policy of insurance, and the validity and legal effect of the reservation of rights letters.

5.      Lowder has filed its Motion to Strike and/or Exclude the Expert Testimony and attached as Exhibit "A" to its Motion of the Plaintiff's Disclosure of its Expert Witness, Tom Burgess, Esq.  Lowder asserts and believes that the expert testimony offered by the plaintiff is inadmissible and will be stricken by this Court as it invades the province and duty of this Court to interpret and construe the contract of insurance in accordance with its provisions, a task that is purely legal in nature.

6.      Should this Court rule in favor of Lowder on its Motion to Strike, Lowder would not need responsive expert testimony in this cause. It would be an undue and unnecessary expense and waste on behalf of Lowder to seek and secure testimony, which is clearly inadmissible in this cause solely to respond to that proffered by Amerisure through its lawyer expert, Mr. Burgess.

7.      No party will be prejudiced by a stay pending ruling of this Court.

WHEREFORE, Lowder respectfully requests this Court set aside that portion of its Scheduling Order compelling Lowder to tender expert witnesses on or before the 1st of October, 2007 until such time as the Court rules upon Lowder's Motion to Strike. Lowder affirmatively asserts that it does not intend to offer expert testimony in this cause unless it is compelled to do so to respond to that of Mr. Burgess.

BALL, BALL, MATTHEWS & NOVAK, P.A.

/s/ Tabor R. Novak, Jr. – NOV001

/s/ Jack Owen – OWE009
Attorneys for the Defendant Counterclaimant
Lowder Construction Company, Inc.

BALL, BALL, MATTHEWS & NOVAK, P.A.
2000 Interstate Park Drive
Suite 204
Post Office Box 2148
Montgomery, Alabama 36102-2148
(334) 387-7680
(334) 387-3222 (Fax)
Email: TNOVAK@BALL-BALL.COM
       CCOWEN@BALL-BALL.COM

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of September, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Kile T. Turner, Esq.
Norman, Wood, Kendrick & Turner
505 20th Street North, Suite 1600
Birmingham, Alabama 35203

David Proctor, Esq.
Clark R. Hammond, Esq.
William D. Jones, Esq.
Johnston, Barton, Proctor & Powell, LLP
2900 AmSouth/Harbert Plaza
1901 6th Avenue North
Birmingham, Alabama 36203

/s/ Tabor R. Novak, Jr.
OF COUNSEL