IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| AMERISURE INSURANCE COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>LOWDER CONSTRUCTION )<br>COMPANY, INC. and COLONIAL )<br>REALTY LIMITED PARTNERSHIP, )<br>d/b/a COLONIAL PROPERTIES REALTY )<br>LIMITED PARTNERSHIP )<br>)<br>Defendants. ) | No. 2:06-cv-1097-MHT |

**BRIEF IN SUPPORT OF MOTION TO STRIKE AND/OR EXCLUDE EXPERT TESTIMONY**

Defendant Colonial Realty Limited Partnership ("Colonial") submits this brief in support of the motion to strike and/or exclude expert testimony ("Motion to Strike") filed by defendant Lowder Construction Company, Inc. ("Lowder"). Colonial agrees with Lowder that the report of plaintiff's expert, Tom Burgess ("Burgess"), should be stricken because it (i) encroaches upon the Court's responsibility to interpret the insurance policy at issue in this declaratory judgment action (the "Amerisure Policy") and (ii) contains inadmissible legal conclusions.

**A.    The Report Encroaches Upon the Province of the Court to Interpret the Amerisure Policy.**

In his report, Burgess offers his "professional opinion" that "Amerisure does not owe a duty to defend or indemnify its insured Lowder" for the allegations Colonial has asserted against Lowder in its pending lawsuit in Florida. He bases his opinion on his

interpretation of various provisions of the Amerisure Policy, concluding that "coverage is . . . precluded under the clear and unambiguous terms of the policy." (Burgess Report, p. 1).

Burgess's testimony should be excluded and stricken because it encroaches upon the province of the court. In a declaratory judgment action concerning the scope of coverage provided under the terms of an insurance policy, the court must interpret the policy to determine whether there is coverage. 22A Am. Jur. 2d Declaratory Judgments § 131 (2003), citing Lloyd E. Mitchell, Inc. v. Maryland Cas. Co., 595 A.2d 469, 475 (Md. App. 1991). If the terms of the policy are unambiguous, as Burgess asserts in his report, then the court is to read the policy and interpret its meaning, rather than relying on the testimony or opinion of any purported expert provided by the plaintiff. See Liggans R.V. Ctr. v. John Deere Ins. Co., 575 So.2d 567, 571 (Ala. 1991) ("an insurance policy should be read as a layman would read it and not as it might be analyzed by an attorney or insurance expert"). Even if the terms of the policy are ambiguous, it is still the job of the court to construe them. As the Supreme Court of Alabama has stated, "Where the parties disagree on whether the language in an insurance contract is ambiguous, a court should construe language according to the meaning that a person of ordinary intelligence would reasonably give it." Twin City Insurance Co. v. Alfa Mutual Insurance Co., 817 So.2d 687, 692 (Ala. 2001). Therefore, no expert opinion or construction is necessary in order for the Court to examine the Amerisure Policy and determine whether there is coverage under the policy.

Furthermore, no expert testimony is needed to "assist" the court in understanding the definitions provided in the policy. See Fed R. Evid. 702 ("If scientific, technical, or

2

other specialized knowledge **will assist the trier of fact** to understand the evidence or to determine a fact in issue, a witness qualified as an expert . . . may testify thereto in the form of an opinion") (emphasis added); Twin City, 817 So.2d at 692 ("where an insurance policy defines certain words or phrases a **court** must defer to the definition provided by the policy") (emphasis added).  To "assist" the trier of fact, an expert's opinion must satisfy the requirements of Rules 402, 403, 702, and 703 of the Federal Rules of Evidence and be otherwise admissible.  Colonial submits that Burgess' proposed testimony will not assist this Court in interpreting the Amerisure Policy and that any discovery related to his opinion would be a waste of the parties' and the Court's time.

**B.     The Report Contains Inadmissible Legal Conclusions.**

Burgess' report is also due to be stricken because it consists primarily of legal conclusions.  Courts in the Eleventh Circuit have consistently held that it is impermissible for an expert to draw legal conclusions. See, e.g., Montgomery v. Aetna Cas. & Surety Co., 898 F.2d 1537, 1541 (11th Cir. 1990) (noting that "an expert may not . . . merely tell the jury what result to reach" and that "[an expert] witness may not testify to the legal implications of conduct; the court must be the jury's only source of law"); Brooks v. J.C. Penney Life Ins. Co., 231 F.Supp. 2d 1136, 1141 (N.D. Ala. 2002) ("insofar as the affidavit contains legal conclusions, it is inadmissible").  By purporting to pronounce how the Amerisure Policy defines various terms and then concluding that there is no coverage under any of the provisions of the policy, Burgess has reached legal conclusions that are solely the province of the Court to make.

For the foregoing reasons, Lowder's Motion to Strike should be granted.

3

      /s/ Clark R. Hammond
Clark R. Hammond
William D. Jones III
Attorneys for the Defendant
Colonial Realty Limited Partnership

OF COUNSEL:
**JOHNSTON BARTON PROCTOR & ROSE LLP**
569 Colonial Brookwood Center
Suite 901
Birmingham, AL 35209
Birmingham, AL 35203
(205) 458-9400
(205) 458-9500 (facsimile)

### CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Kile T. Turner
Norman, Wood, Kendrick & Turner
505 20th Street North
Suite 1600
Birmingham, Alabama 35203

Tabor R. Novak, Jr.
Jack Owen
Ball, Ball Matthews & Novak, P.A.
2000 Interstate Park Drive, Suite 204
P.O. Box 2148
Montgomery, Alabama 36102

On this, the 27th day of September, 2007.

    /s/ Clark R. Hammond
    Of Counsel

W0613137.DOC

4