IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| AMERISURE INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: |
| | ) | CV-06-1097-MHT |
| | ) | |
| LOWDER CONSTRUCTION | ) | |
| COMPANY, INC. and COLONIAL | ) | |
| REALTY LIMITED PARTNERSHIP, | ) | |
| d/b/a COLONIAL PROPERTIES REALTY | ) | |
| LIMITED PARTNERSHIP, | ) | |
| | ) | |
| Defendants. | ) | |

## BRIEF IN OPPOSITION TO LOWDER CONSTRUCTION COMPANY, INC.'S MOTION TO STRIKE EXPERT TESTIMONY OF TOM BURGESS, ESQ.

**COMES NOW** the plaintiff, **Amerisure Insurance Company ("Amerisure"),** and submits its Brief in Opposition to Lowder Construction Company, Inc.'s Motion to Strike Expert Testimony of Tom Burgess, Esq.  In support thereof, Amerisure states as follows:

Amerisure filed this Declaratory Judgment action in December 2006 seeking a judicial determination that it owes no insurance coverage under the subject policy for claims related to an underlying action pending in Orange County, Florida.

Defendant Lowder Construction responded to Amerisure's Complaint by filing an Answer and Counterclaim claiming that Amerisure owes coverage based on three grounds:

1.     The terms of the policy allegedly provide coverage (*See* Lowder's Answer, Fourth Defense; and Counterclaim ¶ 2);

2.     Amerisure somehow failed to properly reserve its rights (*See* Lowder's Answer, Second Defense; and Counterclaim ¶ 3); and

3.     Amerisure somehow "waived" its right to deny coverage (*See* Lowder's Answer, <u>Third Defense</u>).

Discovery in this action is still in its early stages.   In compliance with this Court's Scheduling Order, Amerisure recently named Tom Burgess, Esq. as its expert witness. Amerisure complied with Fed. R. Civ. P. No. 26, by timely disclosing Tom Burgess as its expert and providing Mr. Burgess' Expert Report to Lowder.   Lowder has since filed the Motion to Strike and/or Exclude Tom Burgess' testimony that is now pending before the Court.

Lowder's Motion to Strike and/or Exclude is overbroad and self-conflicting.   On one hand, Lowder's Motion requests that Mr. Burgess' testimony be struck because it speaks to the interpretation of the terms of the contract.   In support of this proposition, Lowder offers a plethora of case law and argues that the coverage issues before this Court can be resolved by the Court simply looking within the four corners of the insurance policy and interpreting the terms. Amerisure readily concedes that if this Court does not go outside of the policy to determine coverage, then expert testimony probably will not be needed.   However, Lowder also claims that the Reservation of Rights letters were improper and that Amerisure "waived" its right to deny coverage.   Without addressing the merits of those assertions, Lowder's search beyond the policy defeats its argument that Mr. Burgess is making conclusions of law.   Because Lowder raised the issue of the effect of Amerisure's Reservation of Rights letters - an issue that involves matters outside the four corners of the insurance contract - this Court could very well deem expert testimony helpful and necessary.   Thus, its Motion to Strike is due to be denied.

The portions of Mr. Burgess' Report addressing the reservation of rights issues are in direct response to Lowder's Counterclaim allegations that Amerisure failed to properly reserve its rights and "waived" its right to deny coverage.   Lowder specifically objects to Mr. Burgess'

characterization that Amerisure's attempts to reserve its rights were "appropriate and valid"- arguing that the opinion is "an improper attempt to offer purely legal opinions in this case." *See* Lowder's Motion to Strike, P. 8. (Attached as Exhibit 1). But Lowder ignores the fact that Mr. Burgess qualifies his reservation of rights opinion in light of the industry standard in the next sentence. *See* Expert Report of Tom Burgess. (Attached as Exhibit 2). Nevertheless, the reservation of rights issue necessarily requires evidence outside the four corners of the insurance contract. Therefore, Mr. Burgess' opinion is due to be admitted.

Although Mr. Burgess' opinion can be painted as suggesting certain legal ramifications, his opinion certainly does not "usurp the function of the Court" as suggested by defendant's Motion. *See* Lowder's Motion to Strike, P. 8. (Attached as Exhibit 1).  To be sure, it is ultimately up to the Court to serve as the trier of fact.  This Court is perfectly capable of weighing expert testimony and determining what effect, if any, it may have on the issues at bar.

Amerisure offers Mr. Burgess' testimony to the Court, at the very least, as an advisory tool.  Federal Rule of Evidence No. 702 is clear that expert testimony is helpful when "specialized knowledge will assist the trier of fact to understand evidence or to determine a fact in issue."   And the Court may very well find that an expert opinion regarding standards in the insurance industry is very helpful in deciding this matter.   The bottom line is that this Court can choose what evidence, facts and portions of expert opinions that it will consider in resolving the issues presently before it - and the Court does not have to make that decision now.

Further, given the myriad of issues before the Court relating to the determination of coverage, it may be difficult for the Court to decide at this early juncture whether or not this coverage issue can be adjudicated by simply looking to the four corners of the contract - especially since discovery remains ongoing.  Mr. Burgess' Expert Report should remain in effect

until the Court determines whether or not it will consider matters outside the four corners of the contract.  If the Court decides that it can indeed make a determination using only the contract itself, then Amerisure will concede that Mr. Burgess' testimony is probably not necessary. But if Lowder continues to assert its two remaining Counterclaim theories involving matters outside the contract (i.e. that Amerisure failed to properly reserve its rights and Amerisure "waived" its right to deny coverage), then it is only fair to allow Amerisure to present Mr. Burgess' Report to support its defense to Lowder's Counterclaim.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff Amerisure asks this Honorable Court to allow it to present expert testimony and deny Defendant's Motion to Strike.

Respectfully submitted,

s/ Kile T. Turner
Kile T. Turner
Bar Number:  ASB-8182-U83K
Attorney for Plaintiff
Norman, Wood, Kendrick & Turner
Financial Center – Suite 1600
505 20th Street North
Birmingham, Alabama  35203
Phone: (205) 328-6643
Fax:  (205) 251-5479
Direct Dial:  (205) 259-1033
Email:  kturner@nwkt.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of September, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: crh@jbpp.com, wjones@jbpp.com, tnovak@ball-ball.com, ccowen@ball-ball.com.

s/ Kile T. Turner
Norman, Wood, Kendrick & Turner
Financial Center – Suite 1600
505 20th Street North
Birmingham, AL  35203
Phone:  (205) 328-6643
Fax:  (205) 251-5479
Direct Dial:  (205) 259-1033
Email:  kturner@nwkt.com

6015

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

AMERISURE INSURANCE COMPANY, )
                                   )
          Plaintiff,               )
                                   )
v.                                 )    CIVIL ACTION NO.:  2:06-CV-1097-MHT
                                   )
LOWDER CONSTRUCTION                )
COMPANY, INC. and COLONIAL         )
REALTY LIMITED PARTNERSHIP,        )
d/b/a COLONIAL PROPERTIES          )
REALTY LIMITED PARTNERSHIP,        )
                                   )
          Defendants.              )

## MOTION TO STRIKE AND/OR EXCLUDE EXPERT TESTIMONY

COMES NOW the defendant, Lowder Construction Company, Inc., (Lowder) and moves the Court to strike and/or exclude the proposed expert testimony of Tom Burgess, Esquire, and as grounds therefore states as follows:

On December 11, 2006, Amerisure Insurance Company (Amerisure) filed this Declaratory Judgment action asking this Court to construe a policy of insurance it issued to Lowder and to declare its obligations to Lowder Construction Company arising under that policy. (See Complaint for Declaratory Relief)

Specifically, Amerisure asked this Court to declare that by the clear and unambiguous terms and provisions of the policy that it owed Lowder no duty to defend and no to indemnify Lowder for any sums Lowder becomes obligated to pay as a result of certain lawsuit damages. (See Prayer for Relief)

EXHIBIT

tabbies®

1

The complaint alleges that Lowder was insured by an Amerisure policy which provided liability coverage for certain types of losses beginning on September 30, 2002 through September 30, 2003. (Complaint ¶16).

During the policy period referred to in the Complaint, Lowder acted as Construction Manager during the design and development of three separate apartment complexes known as Cypress Crossing in Orlando, Florida; Colonial Village at Hunters Creek d/b/a Heather Glen in Orlando, Florida; and Colonial Grand at Colonial Park in Vestavia Hills, Alabama. (Complaint ¶ 6-11). Allegations in the underlying lawsuit are that water intrusion occurred in breezeway landings and below landings at all three projects (Complaint ¶13.) In addition, window leaks are alleged to have occurred at two of the projects (Complaint ¶14).

As a result of these problems, Colonial Realty Limited Partnership, d/b/a Colonial Properties Realty Limited Partnership ("Colonial") filed suit against Lowder. The suit is pending in Orange County, Florida (Complaint ¶15).

Plaintiff Amerisure contends that no duty to defend and no duty indemnify Lowder exists because:

> "1. There has been no occurrence under the unambiguous terms and definitions of the insurance contract that would trigger coverage under the contract;
>
> 2. If there was in fact an occurrence, the relevant portions and definitions of this policy unambiguously exclude coverage for damage to Lowder's work, and work performed on Lowder's behalf, therefore, Amerisure has no obligation to defend and/or indemnify Lowder for claims of property damage to their work;
>
> 3. The unambiguous language of this insurance policy excludes coverage for claims relating to professional

2

> services provided by Lowder or on Lowder's behalf,
> including, but not limited to architectural services, and
> therefore, Amerisure has no duty to defend and/or indemnify
> Lowder for such claims." (Complaint, Prayer for Relief).

Plaintiff has now submitted a Fed.R.Evid. Rule 26 disclosure of expert witness Tom Burgess, Esq. in support of its position (Exhibit "A"). In the report accompanying Plaintiff's disclosure, Mr. Burgess offers purely legal conclusions to include the opinion that Amerisure does not owe a duty to defend or indemnify its insured, Lowder, and bases that opinion upon his interpretation of certain policy language. He also offers opinions as to the legal effect of certain reservation of rights letters sent by Amerisure to Lowder with respect to its positions on coverage issues.

Lowder moves this Court to strike the proposed testimony of Tom Burgess on the grounds that it seeks to define the legal obligations of a party under a contract and is, therefore, inadmissible testimony. Coincidentally, Lowder is filing a motion to stay its deadline for identifying expert witnesses in this case until this Court determines if the Burgess testimony will be permitted.

Under Alabama law, the interpretation of an insurance contract presents a question of law. State Farm Mut. Auto Ins. Co. v. Harris, 882 So.2d 849, 852 (Ala. 2003). Courts have historically refused to admit testimony explaining matters of domestic law, including ... the interpretation of contracts and insurance policies. 66 ALR. 5th 135 (1999). Expert witnesses can be used if they are testifying with regard to the fact issue of whether an insurer's policy interpretation was reasonable, such as in a bad faith situation. 2 Insurance Claims and Disputes 4th, §9:26A. If a bad faith claim

3

is not at issue, then the expert's testimony would most likely constitute prohibited "legal"

testimony. Id. at n.1.

Federal Rule of Evidence 702 permits introduction of testimony by experts

regarding "scientific, technical, or other specialized knowledge" that will "assist the trier

of fact to understand the evidence or to determine a fact in issue". An expert may also

be permitted to form an opinion or inference, even when it "embraces an ultimate issue

to be decided by the trier of fact." Fed.R. Evid. 704. The admission of such expert

testimony does, however, have limitations. As can be seen from the Advisory

Committee notes to Rule 704,

> Under Rules 701 and 702, opinions must be helpful to the
> trier of fact, and Rule 403 provides for exclusion of evidence
> which wastes time. These provisions afford ample
> assurances against the admission of opinions which would
> merely tell the jury what result to reach .... They also stand
> ready to exclude opinions phrased in terms of inadequately
> explored legal criteria ....   The 11th Circuit has interpreted
> these provisions to prohibit the introduction of expert
> testimony on the issue of the interpretation of a legal
> contract.  Montgomery v. Aetna Casualty & Surety Co., 898
> F2d, 1537. (11th Circ. 1990).

In Montgomery v. Aetna Cas. & Sur Co., 898 Fed.2d 1537 (11th Cir. 1990), the

11th Circuit examined the propriety of admitting expert testimony regarding an insurer's

duty to defend under an insurance policy. Aetna issued a fiduciary responsibility

insurance contract to a law firm. The contract provided that it would pay all sums which

the insured became legally obligated to pay as damages on account of claims made

against the insured for wrongful acts and that Aetna would have the duty to defend even

if such claims were groundless, false or fraudulent.

4

One of the law firm's satellite offices left the firm and ultimately sued the Trustees of the firm's profit sharing trust fund for violation of fiduciary duties under ERISA. Plaintiff Robert Montgomery, a trustee of the fund, notified Aetna of the suit and demanded a defense. Aetna retained a law firm to represent plaintiff. Plaintiff then advised counsel that independent counsel would need to be hired to pursue a tax issue in tax court that would be crucial to the defense in the instant suit. Aetna declined to pay for tax counsel. Plaintiff then hired tax counsel at his own expense, and was successful in tax court which resulted in settlement of the underlying suit.

Plaintiff then filed suit against Aetna alleging that it breached the insurance contract by providing counsel who was not an expert in tax matters and that plaintiff consequently had to tire independent tax counsel. Plaintiff also alleged that Aetna acquiesced in Plaintiff's hiring of tax counsel and was therefore estopped from denying liability for tax counsel fees.

The matter proceeded to trial before a jury. Plaintiff offered expert testimony about the interpretation of the policy and the scope of Aetna's duty to defend under the policy. Aetna objected to this testimony. A jury verdict was returned in favor of the plaintiff. Following trial, Aetna moved for a judgment notwithstanding the verdict or for new trial, which was denied.

On appeal, the 11th Circuit examined the issue of whether the District Court erred in admitting the plaintiff's expert testimony on the scope of Aetna's duty to defend under the policy. The court found that under Florida law, the construction of the insurance policy was a question of law for the courts. The court noted that an expert may testify on ultimate issues of fact, but may not merely tell the jury what result to reach. Id. at

1541, citing Fed.R Evid 704. A witness may not testify to the legal implications of conduct. Id. Instead, the court must be the jury's only source of law. Id. The 11th Circuit held, therefore, that plaintiff's expert testimony was a legal conclusion, and should not have been admitted. Id. This was held to be an abuse of discretion by the District Court and the judgment in favor of the plaintiff was reversed and remanded for a judgment notwithstanding the verdict.

Other courts which have addressed the issue have likewise found that expert testimony construing the terms of an insurance contract are a matter of law for the Court and not the proper subject matter of expert testimony. Breezy Point Co-Op, Inc. v. CIGNA Property & Cas. Co., 868 Fed.Supp. 33 (E.D.N.Y. 1994) (expert witness is prohibited from offering opinion as to the legal obligations of a party under a contract as it usurps the function of both the jury and the court); Cincinnati Ins. Co. v. Professional Data Services, Inc., 2003 WL 22102138 (D.Kan. 2003)(Plaintiff's motion to strike is granted because the present dispute requires an interpretation of an insurance policy, and expert testimony is unnecessary for the Court to decide the issue of law presented, which is construction of the policy); Austin Fireworks, Inc. v. T.H.E. Ins. Co., 1993 WL 484214 (D.Kan. 1993)(the interpretation of a policy of insurance is not a proper subject for expert testimony); Brooks v. J. C. Penney Life Ins. Co., 231 Fed.Supp. 2d 1136 (N.D. Ala. 2003)(testimony of plaintiff's expert witness offering legal conclusions on the insurance policy are not helpful and insofar as they contain legal conclusions, are inadmissible); B.G. Real Estate Services, Inc. v. Monticello Ins. Co., 2006 WL 461706 (E.D. La. 2006)(motion to strike expert witness testimony was granted because it required him to construe an insurance contract and the requirements of the policies,

which are the very legal issues which are within the sole legal province of the court to decide); Carrier Express, Inc. v. The Home Indemnity Co., 860 Fed. Supp. 1465 (N.D. Ala. 1994)(insurer was not prejudiced by exclusion of expert testimony because it was a dissertation of law and as such, the testimony was properly excluded); Clarendon America Ins. Co. v. Bayside Restaurant, 2006 WL 2729486 (M.D. Fla. 2006)(plaintiff's motion to strike affidavit of expert witness was granted because there was no relevance of expert testimony concerning the issue of interpreting an insurance policy); Flinkote Co. v. General Acc. Assur. Co., 410 F.Sup 2d 875, 885 (N.D. Cal. 2006)(expert testimony not allowed to interpret insurance policy); Federal Ins. Co. v. New Coal Co., Inc., 415F.Supp. 2d 647, 656 n.5 (W.D. Va. 2006)(motion to exclude expert granted "because the issue in this case is one of contract interpretation"); Green Machine Corp. v. Zurich American Ins. Group, 2001 WL 1003217 (Ed. Pa. 2001)(court would not consider expert report regarding insurance contract because it was a question of law for court); Musmucci v. Schwegmann Giant Supermarket, 2001 WL 406267 (Ed. La. 2001)(testimony by an expert which requires him to construe an insurance contract usurps the function of the court, and is therefore, inadmissible); Sparton Corp. v. The United States, 77 F.edCl.1 (2007)(expert testimony regarding proper contract interpretation is inadmissible, as is expert testimony regarding the legal significance of the contract language).

In this case, Plaintiff's expert seeks to provide opinions regarding interpretation of policy terms such as "occurrence", "property damage", "your work" and their meaning within the policies and certain exclusions. In addition, Mr. Burgess seeks to opine about the legal effect of the reservation of rights letters issued by Amerisure and that they are

"appropriate and valid". Lowder submits that the attempt by Mr. Burgess to provide opinions on the meanings of certain policy language and when applied, if coverage exists, usurps the function of the Court because it is an improper attempt to interpret the contract and provide a legal opinion, that is within the province of the Court. Further, the proffered testimony regarding the appropriateness and legal effect of the reservation of rights letters is also an improper attempt to offer purely legal opinions in this case. Whether or not the language contained in the reservation of rights letters was legally sufficient to assert any rights and/or defenses to coverages under the policy is a matter of law for the Court, and not properly the subject of expert testimony.

WHEREFORE, premises considered, Defendant Lowder Construction Company, Inc., respectfully requests that the Plaintiffs strike, and/or exclude the proposed testimony of Tom Burgess, Esq., on the grounds that it seeks to improperly introduce testimony regarding the construction of a written contract of insurance, which is a matter of law for the Court.

BALL, BALL, MATTHEWS & NOVAK, P.A.

/s/ Tabor R. Novak, Jr. -- NOV001

/s/ Jack Owen -- OWE009
Attorneys for the Defendant Counterclaimant
Lowder Construction Company, Inc.

8

BALL, BALL, MATTHEWS & NOVAK, P.A.
2000 Interstate Park Drive
Suite 204
Post Office Box 2148
Montgomery, Alabama 36102-2148
(334) 387-7680
(334) 387-3222 (Fax)
Email: TNOVAK@BALL-BALL.COM
        CCOWEN@BALL-BALL.COM

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of September, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Kile T. Turner, Esq.
Norman, Wood, Kendrick & Turner
505 20th Street North, Suite 1600
Birmingham, Alabama 35203

David Proctor, Esq.
Clark R. Hammond, Esq.
William D. Jones, Esq.
Johnston, Barton, Proctor & Powell, LLP
2900 AmSouth/Harbert Plaza
1901 6th Avenue North
Birmingham, Alabama 36203

/s/ Tabor R. Novak, Jr.
OF COUNSEL

# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| AMERISURE INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: |
| | ) | CV-06-1097-MHT |
| | ) | |
| LOWDER CONSTRUCTION | ) | |
| COMPANY, INC. et al., | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S DISCLOSURE OF EXPERT WITNESS

COMES NOW the plaintiff, **Amerisure Insurance Company,** and, pursuant to Rule 26(a), Red. R. Civ. P., hereby discloses Tom Burgess, Esq. as an expert witness in this matter. In connection therewith, plaintiff provides the following:

1.     Background/qualifications of the witness:  Tom Burgess, Esq. ("Burgess") is a founding member of Burgess & Hale, LLC, 300 Financial Center, 505 20th Street North, Birmingham, Alabama 35203. A native of Birmingham, Burgess graduated from the University of Alabama with a degree in English literature. After receiving his undergraduate degree, Burgess worked for approximately ten years in the claim departments of Aetna Casualty and Cincinnati Insurance Company.  While at Cincinnati Insurance, he was the State Claims Coordinator. In 1980, Burgess received his juris doctorate degree from the Birmingham School of Law and thereafter became employed by London, Yancey, Clark & Allen.  Burgess taught torts and insurance law many years at the Birmingham School of Law and frequently speaks at CLE seminars for insurance claims personnel and attorneys.  Throughout his career, Burgess has maintained a specialization in insurance coverage matters.

## REPORT OF TOM BURGESS

In my professional opinion, Amerisure does not owe a duty to defend or indemnify its insured Lowder Construction ("Lowder") for the allegations made by Colonial Realty Limited Partnership d/b/a Colonial Properties Realty Limited Partnership ("Colonial") relating to the construction of the Cypress Crossing and Hunter's Creek apartment projects in Orlando, Florida and the Liberty Park apartment project in Birmingham, Alabama. The allegations are the basis of the lawsuit by Colonial against Lowder, styled *Colonial Realty Limited Partnership d/b/a Colonial Properties Realty Limited Partnership v. Lowder Construction Company, et al*, Case No. 03-CA-10424, which is currently pending in the Circuit Court of Orange County, Florida, civil division.

The policy does not provide coverage because there has been no "occurrence" as defined by the terms of the policy. Further, there is no allegation of "property damage" (as defined by the policy) that would be covered because "property damage" to "your work" is excluded by the clear and unambiguous terms of the policy. Even if the work was performed by subcontractors on behalf of Lowder, Endorsement 22 94 removes the subcontractor exception to the exclusion. Therefore, coverage is still precluded under the clear and unambiguous terms of the policy.

Lowder is also being sued by Colonial for breach of contract, which is not covered under a policy of commercial general liability insurance because a breach of contract does not constitute an "occurrence" under the terms of the policy. Further, the claims for professional negligence are likewise are not covered because they do not constitute an "occurrence", and further, are specifically excluded under Endorsement CG 22 790798.

The Reservation of Rights letters issued by Amerisure are appropriate and valid. Amerisure does not appear to have knowingly waived any legal rights under the policy, and in

fact, sought to have Lowder sign a non-waiver agreement. Use of such agreements is standard in the insurance industry. Further, coverage cannot be created or expanded by estoppel. Therefore, the supplemental RORs do not preclude Amerisure from asserting any rights and/or defenses to coverage under the policy.

I am advised that additional documents have recently been produced to plaintiff's attorneys, but I have not had an opportunity to review them. It is possible that my opinions could be altered when I review these or other documents which may be produced, including transcripts of sworn testimony that may be taken in the future.

I have reviewed the following in arriving at my opinion:

-the Declaratory Judgment complaint filed by Amerisure

-the underlying complaint filed by Colonial against Lowder

-the ROR letters

-Lowder's November 27, 2006 response to the November 16, 2006 Supplemental ROR

-pleadings filed in this case

-Amerisure policy #GL 1322355030002

-Notice of Occurrence

I have agreed to provide services to plaintiff at the rate of $250 per hour. My CV is attached. A list of other cases in which I have served as an expert is also attached.

Tom Burgess

# CURRICULUM VITAE

## TOM BURGESS

* Native of Birmingham - graduated University of Alabama with a degree in English Lit.

* Afterwards, for 10 years he held various positions in the claim departments of Aetna and Cincinnati Insurance Companies where he was state claims coordinator.

* Graduated Birmingham School of Law in 1980, took a position with London, Yancey, Clark & Allen and is now with Burgess and Hale, L.L.C.

* A member of Alabama, Birmingham and American Bar Associations, Defense Lawyers' Association, Defense Research Institute and has served on various Bar Association committees including Grievance Committee, Economics of Law and Speakers Bureau.

* Taught Torts and Insurance Law on the faculty of Birmingham School of Law.

* Lectures on "Avoiding Litigation" to Alabama Chapters of American Institute of Architects and American Society of Professional Engineers as well as to various claims associations, insurance companies and TPAs.

* Throughout career has specialized in defense of architects, engineers, attorneys, real estate and insurance agents, as well as in work comp, construction litigation, insurance coverage disputes, bad faith and fraud litigation.

## EXPERT TESTIMONY IN LAST FOUR YEARS

*Susan Roach v. Nowlin & Associates, Inc.*
In the Circuit Court of Jefferson County, Alabama
Civil Action Number                :        CV 04-6067-JLB
By deposition only.

Submitted by: Tom Burgess

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document on all counsel of record by placing a copy of same in the U.S. mail, postage prepaid and properly addressed and via email on this the 3rd day of August, 2007, as follows:

Tabor Novak, Esq.
Jack Owen, Esq.
Ball, Ball, Matthews & Novak, P.C.
P.O. Box 2148
Montgomery, Alabama 36102
Email: tnovak@ball-ball.com
Email: ccowen@ball-ball.com


David Proctor, Esq.
Clark R. Hammond, Esq.
William D. Jones, Esq.
Johnston, Barton, Proctor & Powell, LLP
2900 AmSouth/Harbert Plaza
1901 6th Avenue North
Birmingham, Alabama 35203
Email: dwp@jbpp.com
Email: crh@jbpp.com
Email: wjones@jbpp.com


Kile T. Turner

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| AMERISURE INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: |
| | ) | CV-06-1097-MHT |
| | ) | |
| LOWDER CONSTRUCTION | ) | |
| COMPANY, INC. et al., | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S DISCLOSURE OF EXPERT WITNESS

**COMES NOW** the plaintiff, **Amerisure Insurance Company,** and, pursuant to Rule 26(a), Red. R. Civ. P., hereby discloses Tom Burgess, Esq. as an expert witness in this matter. In connection therewith, plaintiff provides the following:

1.    Background/qualifications of the witness:  Tom Burgess, Esq. ("Burgess") is a founding member of Burgess & Hale, LLC, 300 Financial Center, 505 20th Street North, Birmingham, Alabama 35203. A native of Birmingham, Burgess graduated from the University of Alabama with a degree in English literature.  After receiving his undergraduate degree, Burgess worked for approximately ten years in the claim departments of Aetna Casualty and Cincinnati Insurance Company.  While at Cincinnati Insurance, he was the State Claims Coordinator.  In 1980, Burgess received his juris doctorate degree from the Birmingham School of Law and thereafter became employed by London, Yancey, Clark & Allen.  Burgess taught torts and insurance law many years at the Birmingham School of Law and frequently speaks at CLE seminars for insurance claims personnel and attorneys.  Throughout his career, Burgess has maintained a specialization in insurance coverage matters.

EXHIBIT
2

## REPORT OF TOM BURGESS

In my professional opinion, Amerisure does not owe a duty to defend or indemnify its insured Lowder Construction ("Lowder") for the allegations made by Colonial Realty Limited Partnership d/b/a Colonial Properties Realty Limited Partnership ("Colonial") relating to the construction of the Cypress Crossing and Hunter's Creek apartment projects in Orlando, Florida and the Liberty Park apartment project in Birmingham, Alabama. The allegations are the basis of the lawsuit by Colonial against Lowder, styled *Colonial Realty Limited Partnership d/b/a Colonial Properties Realty Limited Partnership v. Lowder Construction Company, et al,* Case No. 03-CA-10424, which is currently pending in the Circuit Court of Orange County, Florida, civil division.

The policy does not provide coverage because there has been no "occurrence" as defined by the terms of the policy. Further, there is no allegation of "property damage" (as defined by the policy) that would be covered because "property damage" to "your work" is excluded by the clear and unambiguous terms of the policy. Even if the work was performed by subcontractors on behalf of Lowder, Endorsement 22 94 removes the subcontractor exception to the exclusion. Therefore, coverage is still precluded under the clear and unambiguous terms of the policy.

Lowder is also being sued by Colonial for breach of contract, which is not covered under a policy of commercial general liability insurance because a breach of contract does not constitute an "occurrence" under the terms of the policy. Further, the claims for professional negligence are likewise are not covered because they do not constitute an "occurrence", and further, are specifically excluded under Endorsement CG 22 790798.

The Reservation of Rights letters issued by Amerisure are appropriate and valid. Amerisure does not appear to have knowingly waived any legal rights under the policy, and in

fact, sought to have Lowder sign a non-waiver agreement. Use of such agreements is standard in the insurance industry. Further, coverage cannot be created or expanded by estoppel. Therefore, the supplemental RORs do not preclude Amerisure from asserting any rights and/or defenses to coverage under the policy.

I am advised that additional documents have recently been produced to plaintiff's attorneys, but I have not had an opportunity to review them. It is possible that my opinions could be altered when I review these or other documents which may be produced, including transcripts of sworn testimony that may be taken in the future.

I have reviewed the following in arriving at my opinion:

-the Declaratory Judgment complaint filed by Amerisure

-the underlying complaint filed by Colonial against Lowder

-the ROR letters

-Lowder's November 27, 2006 response to the November 16, 2006 Supplemental ROR

-pleadings filed in this case

-Amerisure policy #GL 1322355030002

-Notice of Occurrence

I have agreed to provide services to plaintiff at the rate of $250 per hour. My CV is attached. A list of other cases in which I have served as an expert is also attached.

Tom Burgess

# CURRICULUM VITAE

## <u>TOM BURGESS</u>

* Native of Birmingham - graduated University of Alabama with a degree in English Lit.

* Afterwards, for 10 years he held various positions in the claim departments of Aetna and Cincinnati Insurance Companies where he was state claims coordinator.

* Graduated Birmingham School of Law in 1980, took a position with London, Yancey, Clark & Allen and is now with Burgess and Hale, L.L.C.

* A member of Alabama, Birmingham and American Bar Associations, Defense Lawyers' Association, Defense Research Institute and has served on various Bar Association committees including Grievance Committee, Economics of Law and Speakers Bureau.

* Taught Torts and Insurance Law on the faculty of Birmingham School of Law.

* Lectures on "Avoiding Litigation" to Alabama Chapters of American Institute of Architects and American Society of Professional Engineers as well as to various claims associations, insurance companies and TPAs.

* Throughout career has specialized in defense of architects, engineers, attorneys, real estate and insurance agents, as well as in work comp, construction litigation, insurance coverage disputes, bad faith and fraud litigation.

# EXPERT TESTIMONY IN LAST FOUR YEARS

*Susan Roach v. Nowlin & Associates, Inc.*
In the Circuit Court of Jefferson County, Alabama
Civil Action Number        :      CV 04-6067-JLB
By deposition only.

Submitted by: Tom Burgess

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document on all counsel of record by placing a copy of same in the U.S. mail, postage prepaid and properly addressed and via email on this the 3rd day of August, 2007, as follows:

Tabor Novak, Esq.
Jack Owen, Esq.
Ball, Ball, Matthews & Novak, P.C.
P.O. Box 2148
Montgomery, Alabama  36102
Email:  tnovak@ball-ball.com
Email:  ccowen@ball-ball.com


David Proctor, Esq.
Clark R. Hammond, Esq.
William D. Jones, Esq.
Johnston, Barton, Proctor & Powell, LLP
2900 AmSouth/Harbert Plaza
1901 6th Avenue North
Birmingham, Alabama  35203
Email:  dwp@jbpp.com
Email:  crh@jbpp.com
Email:  wjones@jbpp.com

Kile T. Turner